The opinion of the Court was delivered by
Levy, J.
The plaintiffs, Ben Gerson & Son, are judgment creditors of the defendant, A. C. Gayle, by virtue of a judgment in their favor, rendered by the District Court of Point Coupée Parish, on 6th of September, 1880, based on a contract of indebtedness, of 25th March, 1879, which judgment was duly recorded on the 8th of September, 1880.-They instituted this suit for the purpose of having it decreed that certain property of defendant, which they allege, is affected by and subject to their judicial mortgage, is not exempt from seizure and sale as the homestead of defendant, but that it is subject to said judgment and mortgage, and praying for an order authorizing"its seizure and sale under execution on their judgment. Wheeler and Pierson, judgment creditors of Gayle, their judgment being founded on contracts of indebtedness made in the year 1877, and said judgment having been duly recorded on the 20th of April, 1880, anterior to the registry of the *338 judgment of Gerson & Son, intervened in this suit, adopting the allegations of Gerson & Son, contained in their petition, and their prayer to subject the property to the judicial mortgages, and praying that intervenors’judgment and mortgage be decreed, by reason of its prior registry, to have precedence over that of Gerson & Son, as against defendant, Gayle.
Defendant filed an exception of no cause of action, which was overruled, and in his answer he denied that the property is worth two thousand dollars, and alleges that he had made a registry of his homestead before plaintiff had acquired any rights or mortgage against his property.
The facts, as shown by the record, are these :
The defendant, Gayle, acquired the property on the 6th of January,' 1880, and has since continued to occupy it as his residence, and he has a wife and three minor children dependent on him for support, and his wife has no property in her own right. Defendant has no other property than that claimed as ahomestead. The value of the property is $1,200. The debt on which the judgment in favor of Ben Gerson & Son is founded, was a promissory note of Gayle, of 25th March, 1879, and the judgment was duly recorded on the 8th of September, 1880. The indebtedness to intervenors was contracted in 1877 and 1878, and the judgment thereon duly recorded on May 10th, 1880. Defendant’s declaration, which he claimed as a homestead, was made on the 10th of May, 1880, and was duly recorded on 12th May of the sanie year. This declaration purports to have been made, “ in accordance with Art. 114, of the 10th of April, 1880, meaning and intending to claim and enjoy all the benefits of said Act, and it is therein stated, that the appearer,” in no wise intends to Waive or abandon the rights and privileges he had under the homestead and exemption law, prior to the Constitution of 1879, but,'on the contrary,, that he intends to preserve said rights and privileges.
There was judgment in favor of defendant, rejecting the demands both of plaintiffs and intervenors, and plaintiffs and intervenors have appealed. .
Appellee has filed in this Court a motion to dismiss the appeals. The copy of the appeal bond which has been brought up under an order granted on the trial of the appeal, removes the objections as to its insufficiency, which were urged by appellee. Although not artistically drawn, yet to our minds it sufficiently designates the suit by reference to-its number, title and the court in which it was rendered. The motion to dismiss is, therefore, denied.
Plaintiffs and intervenors contend:
1. “ That persons who had not acquired homestead exemption rights *339 at the time the present Constitution was promulgated, can only acquire and claim such rights under that Constitution and the Statutes passed in pursuance thereof.”
' 2. “That the homestead Aot of 1865, and all other laws on that subject, were abrogated by the Constitution of 1879, and are without effect, except as to such rights which were actually acquired under those laws, prior to the final promulgation of the Constitution.”
3. “ That the Constitution and the legislation provided for by it, created a new law respecting such exemptions, which can have no effect upon, or application to, contracts made anterior to its passage.”
The property claimed in this case as an exempted homestead was acquired on the 6th of January, 1880, subsequent to the promulgation of the Constitution.
The Articles of the Constitution on the subject of homesteads and exemptions are 219 and 220.
Art. 219 prescribes what property and to what value “ shall be exempted from seizure and sale by any process whatever,” and what shall be necessary to give validity thereto, requiring that to be valid, they “ shall be set apart and registered as shall be provided by law.” Article 220 contains the following provision: “ Laws shall be passed as early as practicable for the setting apart, valuation and registration of property claimed as a homestead. Rights to homesteads or exemptions under laws or contracts, or for debts existing at the time of the adoption of this Constitution, shall not be impaired, repealed or affected by any provision of this Constitution or any laws passed in pursuance thereof.” It is contended and urged, therefore, that-the homestead exemption law of 1865, was repealed hy the Constitution of 1879, except as to such rights as actually existed at the time that Constitution went into effect, and that the Act of 1865, a general. Statute, containing provisions repugnant toj and inconsistent with the new law, and as the new law “ was clearly intended to prescribe the only rule that should govern in the .case provided for, it repeals the original Act.” The law required by Art. 220, was approved April 10th, 1880, and plaintiff holds that there was no law, from January 1st, to April 10th, 1880, under which defendant could acquire a homestead.
We cannot concur in the view taken by the learned counsel of plaintiff. We think the defendant falls under the exception made in the Constitutional Article: The right to this homestead exemption existed in favor of defendant, who resided on the tract of land, had a wife and children dependent upon him for support, and fulfilled all the requirements necessary to enable him to avail himself of the exemption, under the Act of 1865: The Constitution of 1879, in some respects, enlarged the homestead exemption right under. Act of 1865, by extending its *340 operation to urban as well as rural property, and required that the legislature should thereafter pass a law for the setting- apart, registration, etc., of property claimed as a homestead. It also required that such exemptions, to be valid, shall be set apart and registered, as shall be provided by law ; and in connection with these very requirements, it provided that rights to homesteads or exemptions, under laws or contracts, or for debts existing at the time of the adoption of this Constitution, shall not be impaired, repealed or affected by any provision of this Constitution, or any laws passed in pursuance thereof. The right to avail of the provisions of the Act of 1865, in our opinion, continued under this clause, and ivas only affected as to the manner in which it could be claimed or asserted, when the legislature, in obedience to the Constitutional mandate, enacted the necessary laws as to the registration, etc. The hiatus claimed by plaintiffs’ counsel is, to our minds, obviated by the proviso which we have above quoted.
We find no error in the judgment appealed from, and it is, therefore, affirmed at the costs of the appellants.